Chaim B. Book, Esq.
MOSKOWITZ & BOOK, LLP
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MARY PAPASTRATIS,

               Plaintiff,

vs.

YAI/NATIONAL INSTITUTE FOR PEOPLE WITH DISABILITIES,

               Defendant.

------------------------------------------------------------

(DAB)

ECF CASE

COMPLAINT

      Plaintiff Mary Papastratis, by her attorneys, Moskowitz & Book, LLP, for her complaint herein, alleges as follows:

## PARTIES

      1.    At all times hereinafter mentioned, plaintiff Mary Papastratis (hereinafter "plaintiff") was a New York resident.

      2.    Upon information and belief, at all times hereinafter mentioned, defendant YAI/National Institute for People with Disabilities (hereinafter "YAI") is a corporation organized under the laws of New York with its principal place of business located at 460 West 34th Street, New York, New York.

## JURISDICTION AND VENUE

      3.    The action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5; 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

4. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331, 1343, 1343(4) and 1367; and 42 U.S.C §§ 2000e-5(f).

5. Jurisdiction over the Title VII claim is appropriate because on or about September 24, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon race, more than sixty days prior to filing this complaint.

6. On or about December 29, 2007, plaintiff received her Notice of Right to Sue from the EEOC, and less than ninety days elapsed from receipt of the Notice to the filing of the complaint in this action. Accordingly, plaintiff has fully completed all of the administrative pre-requisites under Title VII.

7. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c).

**FACTUAL BACKGROUND**

8. Plaintiff is a Caucasian female.

9. Upon information and belief, YAI is an organization that provides assistance and various services to individuals with developmental and learning disabilities.

10. Plaintiff was employed first as a Payroll Specialist and then as an Assistant Supervisor in YAI's Receivables Department from August 4, 1999 until March 13, 2007.

11. Plaintiff was the only Caucasian woman working in the support staff of the Receivables Department at YAI.

12. Marie Ali was plaintiff's supervisor at YAI and is a female of Guyanese descent.

13. Ms. Ali regularly discriminated against, harassed and abused plaintiff on the basis of plaintiff's race.

14. Ms. Ali systematically spoke to plaintiff in a harsh manner, treated plaintiff less favorably than other employees, imposed disciplinary action upon plaintiff without reason, and excluded plaintiff from office lunches and various social gatherings.

15. In or about January 2007, plaintiff filed a harassment complaint with YAI officials and thereby notified YAI of Ms. Ali's discriminatory behavior towards plaintiff.

16. In or about March 2007, plaintiff met with YAI's Human Resources Manager, Michael Konecky.

17. Mr. Konecky informed plaintiff that YAI's investigation into her harassment complaint against Ms. Ali was concluded and that it resulted in plaintiff's favor, and that Ms. Ali would be placed on review.

18. Upon information and belief, YAI never disciplined Ms. Ali for her discriminatory practices towards plaintiff.

19. On or about March 13, 2007, YAI terminated plaintiff.

20. Upon information and belief, Ms. Ali terminated plaintiff in retaliation for plaintiff's complaints about Ms. Ali's discriminatory practices.

21. Upon information and belief, despite plaintiff's complaints of Ms. Ali's discriminatory behavior, YAI failed to question Ms. Ali's decision to terminate plaintiff or to reverse plaintiff's termination.

22. Plaintiff alleges that she was wrongfully and unlawfully terminated from YAI on the basis of her race.

23. Plaintiff alleges that she has been negatively impacted by YAI's discriminatory practices.

24. Plaintiff alleges that her wrongful and unlawful termination from YAI was in retaliation for her complaints of discrimination.

25. Plaintiff alleges that she has undergone severe emotional pain and suffering due to defendant's unlawful and discriminatory practices.

26. Plaintiff alleges, upon information and belief, that YAI intentionally and/or negligently failed to take action to prohibit the continued unlawful acts of discrimination taken against plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
(Race discrimination under Title VII)

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant, YAI unlawfully harassed and discriminated against plaintiff with respect to the terms, conditions, and privileges of her employment, because of her race.

29. Defendant, YAI by way of the above-described conduct, among other things, intentionally and willfully discriminated against plaintiff by harassing her and terminating her on account of her race, in violation of her rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq.

30. As a result of defendant, YAI's wrongful actions, plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

## AS AND FOR A SECOND CAUSE OF ACTION
(Retaliation under Title VII)

31. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

32. Defendant, YAI unlawfully retaliated against plaintiff with respect to the terms, conditions, and privileges of her employment, in that plaintiff's wrongful and unlawful termination was in retaliation for plaintiff's complaints of discriminatory practices at YAI.

33. Defendant, YAI by way of the above-described conduct, among other things, intentionally and willfully retaliated against plaintiff by harassing her and terminating her on account of her race and her complaints of discrimination, in violation of her rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq.

34. As a result of defendant, YAI's wrongful actions, plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

## AS AND FOR A THIRD CAUSE OF ACTION
(Race discrimination under N.Y.C Admin. Code)

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

36. Defendant, YAI unlawfully discharged and otherwise discriminated against plaintiff with respect to the terms, conditions, and privileges of her employment, because of her race.

37. Defendant, YAI by way of the above-described conduct, among other things, intentionally and willfully discriminated against plaintiff by harassing her and terminating

her on account of her race, in violation of her rights secured by § 8-107 of the New York City Administrative Code.

38. As a result of defendant, YAI's wrongful actions, plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Retaliation under N.Y.C. Admin. Code)

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

40. Defendant, YAI unlawfully retaliated against plaintiff with respect to the terms, conditions, and privileges of her employment, in that plaintiff's wrongful and unlawful termination was in retaliation for plaintiff's complaints of discriminatory practices at YAI.

41. Defendant, YAI by way of the above-described conduct, among other things, intentionally and willfully retaliated against plaintiff by terminating her on account of her race and complaints of discrimination, in violation of her rights secured by § 8-107 of the New York City Administrative Code.

42. As a result of defendant, YAI's wrongful actions, plaintiff has suffered and continues to suffer loss of earnings and employment benefits, damage to reputation and career, severe mental anguish and stress, humiliation and pain.

WHEREFORE, plaintiff respectfully demands judgment against defendant as follows:

With respect to all causes of action, judgment against the defendant for (i) back pay with interest; (ii) reinstatement at plaintiff's original salary or, in the alternative, front pay; (iii) liquidated damages; (iv) punitive damages; (v) attorney's fees, costs and expenses; and (vi) for such other, further and different relief as this Court may deem just and proper.

### **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues.

Dated: New York, New York
       February 14, 2008

                          MOSKOWITZ & BOOK, LLP

                          By: _____
                                Chaim B. Book (CB4652)

                            Attorney for Plaintiff
                            Mary Papastratis
                            1372 Broadway, 14th Floor
                            New York, New York 10018
                            (212) 221-7999