ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARY PAPASTRATIS,

      Plaintiff,      08 CV 01554 (DAB)

 - against -

               **ANSWER**

YAI/NATIONAL INSTITUTE FOR PEOPLE WITH
DISABILITIES,

      Defendant.
------------------------------------------------------------x

    Defendant, YAI/National Institute for People with Disabilities, by its attorneys, Clifton Budd & DeMaria, LLP, answers the Complaint in the above-captioned matter as follows:

## **PARTIES**

    1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2. Admits the allegations contained in paragraph 2 of the Complaint.

## **JURISDICTION AND VENUE**

    3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

    4. Denies the allegations contained in paragraph 4 of the Complaint.

    5. Admits that Plaintiff filed the charge of discrimination on or about September 24, 2007 with the Equal Employment Opportunity Commission; except as so admitted, denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to when Plaintiff received her Notice of Right to Sue; denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

**FACTUAL BACKGROUND**

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Admits that in or about January 2007, Plaintiff filed a complaint with YAI, except as so admitted, denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint. Defendant avers that Ms. Ali did not discriminate against Plaintiff.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Race discrimination under Title VII)

27. Defendant repeats and realleges the answers set forth in paragraphs 1 through 26 of the Answer, as if fully set forth herein.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation under Title VII)

31. Defendant repeats and realleges the answers set forth in paragraphs 1 through 30 of the Answer, as if fully set forth herein.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Race discrimination under N.Y.C. Admin. Code)

35. Defendant repeats and realleges the answers set forth in paragraphs 1 through 34 of the Answer, as if fully set forth herein.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation under N.Y.C. Admin. Code)

39. Defendant repeats and realleges the answers set forth in paragraphs 1 through 38 of the Answer, as if fully set forth herein.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any of the relief sought in the Complaint because she has failed to mitigate her damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because, assuming without conceding that Plaintiff was a victim of discriminatory, harassing and/or retaliatory conduct, Defendant acted at all times in good faith and consistent with its policies and practices against unlawful discrimination.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Assuming without conceding that Plaintiff is motivated by discriminatory, and/or retaliatory unlawful reasons, Plaintiff is not entitled to damages because Defendant would have treated Plaintiff similarly even if Plaintiff's race and/or participation in protected activity played no role in any employment decision.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable because it exercised reasonable care to prevent and correct any unlawful discriminatory, harassing and/or retaliatory behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because she has failed to exhaust her administrative remedies.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** Defendant requests that the Complaint be dismissed in its entirety and that Defendant be awarded reasonable attorney's fees and costs incurred in defending this action and such other further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2008

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*

By: _____
Daniel C. Moreland, Esq. (DM-2672)
420 Lexington Avenue, Suite 420
New York, New York 10170
(212) 687-7410

TO: Chaim B. Book, Esq.
Attorney for Plaintiff
1372 Broadway, 14th Floor
New York, New York 10018
(212) 221-7999

G:\DCM\LITIG\YAI\Papastratis\Answer.doc

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK      )
                                            : ss.
COUNTY OF NEW YORK  )

VIRGINIA CUATON, deposes and says:

I am not a party of the action, I am over 18 years of age, and I reside in Jersey City, New Jersey.

On March 5, 2008, I served the within **ANSWER** upon:

> Chaim B. Book, Esq.
> Attorney for Plaintiff
> 1372 Broadway, 14th Floor
> New York, New York  10018

at the address designated by said attorney for that purpose, by depositing true copies of the same enclosed in a postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Post Office within New York State.

_____
VIRGINIA CUATON

Sworn to before me this
5th day of March, 2008

_____
Notary Public

STEPHANIE M SNYDER
Notary Public - State of New York
NO. 01SN6176413
Qualified in Westchester County
My Commission Expires 10/29/11